**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

1   Valuation of Security   0   Assumption of Executory Contract or Unexpired Lease   0   Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Ruby S. Parrott

Case No.: _____14-23810 JNP_____

Judge: _____Jerrold N Poslusny Jr._____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original   ☒ Modified/Notice Required   Date: _____2/13/2018_____

☒ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____JR____   Initial Debtor: ____RP____   Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____402_____ per _____month_____ to the Chapter 13 Trustee, starting on _____February 1, 2018_____ for approximately __18 more (of 60)__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 1920 Maurice River Parkway Vineland, NJ  08360
Proposed date for completion: ____in trial loan mod____

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Specialized Loan Servicing (first mortgage company) was granted stay relief and is to receive no further payments through the plan. Debtor was offered and accepted a trial loan modification with trial payments starting March1, 2018. Debtor will make payments outside of the plan pursuant to trial and/or permanent loan modification.

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ (3090+1300 ptd) + $800 pending supplemental fees |
| DOMESTIC SUPPORT OBLIGATION | | |
| Internal Revenue Service | Taxes | $1370.87 |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

    **a. Curing Default and Maintaining Payments on Principal Residence:  ☒ NONE**

    The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:  ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Citifinancial | 2nd mortgage | $15,071.16 | $244,900 | $368,871 | $0 | NA | $0 as previously confirmed |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| First Niagara Bank | 2009 Mercedes-Benz R350 | $18,625 | Unknown |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Specialized Loan Servicing / (American Servicing Co.) (1st mortgage) was granted stay relief and is to receive no further payments through the plan. ($90,053.46 paid prior to relief.) Debtor is in a trial loan modification and mortgage payments will be made outside of the plan pursuant to trial and/or permanent loan modification.

| g. Secured Claims to be Paid in Full Through the Plan: ☒ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Citifinancial | 2nd mortgage | $15,071.16 | $244,900 | $368,871 | $0 | 100% (as previously confirmed) |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:   Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Joseph J. Rogers, Esquire
3) _____
4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9:** | **Modification** ☐ **NONE** |
|---|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____efiled 7/8/2015_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To address mortgage stay relief.<br>Debtor is in a trial loan modification. | SPS is to receive no further payments through the plan.<br><br>$102,105 paid to date.   Total plan length 60 months. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

| **Part 10:** | **Non-Standard Provision(s): Signatures Required** |
|---|---|

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 2/17/18 _____        /s/ Joseph J. Rogers_____
                                            Attorney for the Debtor

Date: 2/17/18 _____        /s/ Ruby S. Parrott_____
                                            Debtor

Date: _____        /s/_____
                                            Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 2/17/18                                          /s/ Joseph J. Rogers
                                                       Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 2/17/18                                          /s/ Ruby S. Parrott
                                                       Debtor

Date: _____                         /s/ _____
                                                       Joint Debtor

```
                               United States Bankruptcy Court
                                    District of New Jersey
In re:                                                                            Case No. 14-23810-JNP
Ruby S. Parrott                                                                   Chapter 13
       Debtor
                                       CERTIFICATE OF NOTICE
District/off: 0312-1         User: admin                 Page 1 of 2                  Date Rcvd: Feb 20, 2018
                             Form ID: pdf901             Total Noticed: 49

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 22, 2018.
db           +Ruby S. Parrott,   1920 Maurice River Parkway,    Vineland, NJ 08360-1976
aty          +Phelan Hallinan & Schmieg,   400 Fellowship Road,    Suite 100,   Mt. Laurel, NJ 08054-3437
cr            Ameica's Servicing Company,   PO Box 10388,   Des Moines, IA 50306-0388
cr           +First Niagara Bank NA,   c/o Saldutti Law Group,   Robert L. Saldutti, Esquire,
               800 N Kings Highway,   Suite 300,   Cherry Hill, NJ 08034-1511
cr           +WELLS FARGO BANK, N.A. D/B/A AMERICA'S SERVICING C,   Phelan Hallinan & Schmieg, PC,
               400 Fellowship Road,   Suite 100,   Mt. Laurel, NJ 08054-3437
514899947    #+Agape Medical Center,   Timothy Rhyme MD. LLC,   1450 E. Chestnut Avenue Bldg Suite E,
               Vineland, NJ 08361-8467
514899948     Akron Billing Center,   3585 Ridge Park Drive,   Akron, OH 44333-8203
514899952    +Americas Servicing Co,   P.o. Box 10328,   Des Moines, IA 50306-0328
514899953    +Apex Asset,   1891 Santa Barbara Dr St,   Lancaster, PA 17601-4106
514899954    +Balanced Healthcare Receivables LLC,   PO Box 9577,   Manchester, NH 03108-9577
514899955     C&H Collection Services,   PO Box 1399,   Merchantville, NJ 08109-0399
514899956    ++++CENTER FOR DIAGNOSTIC IMAGING,   1450 E CHESTNUT AVE STE 4C,   VINELAND NJ 08361-8469
              (address filed with court: Center For Diagnostic Imaging,   1550 E Chestnut Ave,
               Vineland, NJ 08361)
514899957    ++CITIFINANCIAL,   BANKRUPTCY FORECLOSURE UNIT,   1000 TECHNOLOGY DRIVE,   OFALLON MO 63368-2239
              (address filed with court: Citifinancial,   300 Saint Paul Pl,   Baltimore, MD 21202)
514899962    +CVS/Caremark,   PO Box 659539,   San Antonio, TX 78265-9539
515048073     CitiFinancial Servicing LLC,   P. O. Box 6043,   Sioux Falls, SD 57117-6043
514899958    +Comenity Bank/dressbrn,   Po Box 182273,   Columbus, OH 43218-2273
514899959     Cooper University Physicians,   PO Box 95000-4345,   Philadelphia, PA 19195-4345
517190739    +Credit Suisse First Boston Mortgage Securities,   KML Law Group, P.C.,
               216 Haddon Avenue, Suite 406,   Westmont, NJ 08108-2812
514899961    +Cumberland Nephrology Assoc,   1318 South Main Road Building 4A,   Vineland, NJ 08360-6516
514899964    +DCM Services LLC,   4150 Olson Memorial Hwy Ste 200,   Minneapolis, MN 55422-4811
514899963    +Dawn Leeds,   1206 North Delaware Street,   Paulsboro, NJ 08066-1321
514899965     Emerg Phy Assoc of S Jersey,   PO Box 740021,   Cincinnati, OH 45274-0021
515443041    +First Niagara Bank NA,   c/o Saldutti Law Group,   800 N Kings Highway, Suite 300,
               Cherry Hill, NJ 08034-1511
514899968     Laboratory Corporation Of America,   PO Box 2240,   Burlington, NC 27216-2240
514899970    +Phelan Hallinan & Diamond, PC,   400 Fellowship Road Suite 100,   Mt. Laurel, NJ 08054-3437
514899971     Pinnacle Mid-Atlantic Anes/NJ,   PO Box 650782,   Dallas, TX 75265-0782
514899972     Quest Diagnostics,   PO Box 4911,   Southeastern, PA 19398-4911
514899973    +Regional Diagnostic Imaging,   PO Box 382,   Huntingdon, PA 16652-0382
514899975    +South Jersey Healthcare,   PO Box 48274,   Newark, NJ 07101-8474
514899976    +South Jersey Hospital,   PO Box 48274,   Newark, NJ 07101-8474
514899977     South Jersey Radiology Associates,   PO Box 1710,   Voorhees, NJ 08043-7710
514899978    +Southern Regional Pathology As,   PO BOx 754,   Millville, NJ 08332-0754
516504782    +Specialized Loan Servicing LLC,   8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129-2386
516504783    +Specialized Loan Servicing LLC,   8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129,   Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
515153731    +U.S. Bank National Association, as Trustee ET.AL,   AMERICAS SERVICING COMPANY,
               Attention: Bankruptcy Department,   MAC# #D3347-014,   3476 Stateview Boulevard,
               Fort Mill, SC 29715-7203
514899980    +Vineland Ems,   PO Box 1508,   Vineland, NJ 08362-1508
514899981     Virtua Health,   PO Box 6007,   Bellmawr, NJ 08099-6007
514899982    +Wachspress, Rainear & Rana Cardiolog,   1076 E Chestnut Avenue,   Vineland, NJ 08360-5843

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Feb 20 2018 23:42:44      U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 20 2018 23:42:42      United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
514899949    +E-mail/Text: bkrpt@retrievalmasters.com Feb 20 2018 23:42:40      Amca,
               4 Westchester Plaza Suite 110,   Elmsford, NY 10523-1615
514899951    +E-mail/Text: bkrpt@retrievalmasters.com Feb 20 2018 23:42:40      American Medical Collection,
               2269 S Saw Mill River Road, Bldg 3,   Elmsford, NY 10523-3848
514899950    +E-mail/Text: bkrpt@retrievalmasters.com Feb 20 2018 23:42:40      American Medical Collection,
               PO Box 1235,   Elmsford, NY 10523-0935
514899960    +E-mail/Text: bankruptcy_notifications@ccsusa.com Feb 20 2018 23:43:26
               Credit Collection Services,   Two Wells Avenue,   Newton, MA 02459-3246
514899966     E-mail/Text: fnb.bk@fnfg.com Feb 20 2018 23:43:05      First Niagara Bank,   6950 S Transit Rd,
               Lockport, NY 14094
514958453     E-mail/Text: fnb.bk@fnfg.com Feb 20 2018 23:43:05      First Niagara Bank, N.A.,
               6950 South Transit Road,   PO Box 514,   Lockport NY 14095-0514
514899967     E-mail/Text: cio.bncmail@irs.gov Feb 20 2018 23:42:20      Internal Revenue Service,
               Bankruptcy Department,   955 South Springfield Avenue,   Springfield, NJ 08071
514899969    +E-mail/Text: mpma1944@aol.com Feb 20 2018 23:42:46      Mpma Inc,   Po Box 298,
               Millville, NJ 08332-0298
```

```
District/off: 0312-1              User: admin              Page 2 of 2              Date Rcvd: Feb 20, 2018
                                  Form ID: pdf901          Total Noticed: 49
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
515004902         E-mail/Text: bnc-quantum@quantum3group.com Feb 20 2018 23:42:35
                  Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA  98083-0788
                                                                                                 TOTAL: 11

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
514899974      ##+Shatkin Cardiology,    1051 W. Sherman Avenue 3A,    Vineland, NJ 08360-6931
514899979      ##+Transworld Systems,    2235 Mercury Way Ste 275,    Santa Rosa, CA 95407-5463
                                                                                 TOTALS: 0, * 0, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 19, 2018 at the address(es) listed below:

```
              Andrew L. Spivack    on behalf of Creditor    WELLS FARGO BANK, N.A. D/B/A AMERICA'S SERVICING
               COMPANY AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST
               BOSTON MORTGAGE SECURITIES CORP., HOME EQUITY ASSET TRU nj.bkecf@fedphe.com
              Barbara J. Snavely    on behalf of Debtor Ruby S. Parrott jjresq@comcast.net
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Jennifer R. Gorchow    on behalf of Creditor    WELLS FARGO BANK, N.A. D/B/A AMERICA'S SERVICING
               COMPANY AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST
               BOSTON MORTGAGE SECURITIES CORP., HOME EQUITY ASSET TRU nj.bkecf@fedphe.com
              Joseph J. Rogers    on behalf of Debtor Ruby S. Parrott jjresq@comcast.net, jjresq1@comcast.net
              Rebecca Ann Solarz    on behalf of Creditor    Credit Suisse First Boston Mortgage Securities Corp.,
               Home Equity Asset Trust 2006-5, Home Equity Pass-Through Certificates, Series 2006-5, U.S. Bank
               National, as Trustee rsolarz@kmllawgroup.com
              Robert L. Saldutti    on behalf of Creditor    First Niagara Bank NA rsaldutti@salduttiсollect.com,
               lmarciano@salduttiсollect.com;kcollins@slgcollect.com
                                                                                             TOTAL: 8
```